### SEATTLE MERCHANTS' ASS'N v. LARSON et al.

(Third Division.   Valdez.   May 26, 1920.)

No. A–172.

**Corporations** ⚫➡661 (2)—Foreign—Compliance with Statute Before Doing Business in Territory—Pleadings.

> Where a foreign corporation refuses to comply with the laws of Alaska requiring it to appoint an agent in the territory upon whom service may be made, and file its consent to be sued in, and before commencing to do business in the territory, it may not avoid the provisions of law refusing it permission to sue in the courts by assigning its claim to another corporation which has so complied with the law. Its case is barred.

The plaintiff, a Washington corporation, claims in its second amended complaint that the defendants, an Alaskan copartnership, are indebted to them in a considerable amount of money for goods, wares, and merchandise sold and delivered to defendants by three different foreign corporations, each of whom assigns its claim and account to the plaintiff. The plaintiff alleges a compliance with the laws of the territory of Alaska relative to the right of corporations to do business in the territory and to maintain the action herein, being chapter 23 of the Civil Code of Alaska, but does not allege that the foreign corporations, the original vendors and assignors of plaintiff, have complied with said laws of the territory of Alaska relative to foreign corporations.

The defendants demur to the second amended complaint on a number of grounds, among others that the plaintiffs do not allege a compliance with said laws of the territory of Alaska before engaging in business therein and before bringing this action.

Sherman Duggan, of Anchorage, and E. E. Ritchie, of Valdez, for plaintiff.

L. V. Ray, of Seward, and Wm. H. Regan, for defendants.

BROWN, District Judge.   Upon the hearing of the demurrer the attorneys for defendants urged that it appeared from the face of the complaint that the plaintiff's assignors were foreign corporations, and were not alleged to have made

such compliance with the Alaska corporation laws, and therefore the demurrer should be sustained. This is the only ground of the demurrer which it is necessary to consider.

In the case of Van Schuyver Co. v. Breedman, 5 Alaska, 260, it is held that a foreign corporation engaged in business in the territory of Alaska could not maintain an action therein, unless it affirmatively appeared that it had complied with such corporation laws, and that the reason that such laws in many of the states are held invalid is that they are in contravention of the constitutional provision that a state may not impose any burdens upon interstate commerce, or regulate interstate commerce, but such right is retained by the Congress of the United States. The Alaska corporation law was enacted by the Congress of the United States, and, Congress clearly having authority to legislate on this subject, the enactment cannot be held to be unconstitutional.

It was suggested by counsel in such case that Congress acted only as a local Legislature, and did not intend that the act should have such effect; but such law, being enacted by Congress, the legislative authority having constitutional authority to enact the law in question, must be deemed to be binding and effective. A recent case from the Fourth Division of Alaska, to wit, Ross-Higgins Co. v. Protzman and Gordon (not reported) also holds that such corporation may not maintain an action in the courts of Alaska without such compliance. If such a corporation, seeking to recover the purchase price of goods sold in Alaska, cannot maintain this action in the courts of Alaska without such compliance, it certainly could not avoid the provisions of said law by assigning its claim to another corporation which had made such compliance.

However, it does not affirmatively appear from said complaint that the said assignors of the plaintiff had not made such compliance, and it is doubtful if good pleading would require the plaintiff to make such an allegation; but the question could be raised by way of defense, and if it be true that plaintiff's assignors, or any one of them, did not make such compliance, the defendants could raise the question by a plea in abatement and have that heard before the action was tried on the merits.

The demurrer will therefore be overruled.